**NOT FOR PUBLICATION**

**UNITED STATE DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARIA ANGELA MARTINO *individually and as executrix to the estate of Bret J. Alvarez* and THE ESTATE OF BRET J. ALVAREZ, | : : : : | Civil Action No. 16-05257-SDW-LDW |
| Plaintiffs, | : | |
| v. | : : | **OPINION** |
| CIGNA INSURANCE COMPANY, | : | January 27, 2017 |
| Defendant. | | |

**WIGENTON**, District Judge.

Before this Court is Defendant Cigna Insurance Company's ("Defendant") Motion to Dismiss the Complaint of Maria Angela Martino and The Estate of Bret J. Alvarez ("Plaintiffs"), for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This Opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

Bret J. Alvarez, who died on December 11, 2011, had previously been an employee of The A&P Tea Co. and Subsidiaries. (Compl. ¶¶ 4, 6.) During his employment, Mr. Alvarez purchased a life insurance policy (the "insurance policy") through his employer which, according to the

1

Complaint, was underwritten by Cigna Group Insurance.[1] (*Id.* ¶ 7.)  Following Mr. Alvarez's death, Plaintiff Martino (whom Mr. Alvarez designated as the executrix of his estate), requested payment from the Defendant "pursuant to the terms of Alvarez's policy." (*Id.* ¶¶ 4, 9.)  Defendant subsequently denied Plaintiff Martino's request for payment. (*Id.* ¶ 10.)  As a result, Plaintiffs claim, Defendant breached the terms of the insurance policy. (*Id.* ¶ 12.)  Accordingly, Plaintiffs filed their Complaint in the Superior Court of New Jersey, Passaic County, Law Division, Special Civil Part on July 25, 2016. (*See* Compl.)  Defendant removed the matter to this Court on August 29, 2016, on the basis that this Court has original subject-matter jurisdiction because the Complaint relates to an employee welfare plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Dkt. No. 1 ¶¶ 6-12.)  Defendant subsequently filed the Motion to Dismiss now before this Court on September 20, 2016. (Dkt. No. 4.)  Plaintiffs did not file a brief in opposition.

## II.   LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

---

[1] Although the Court does not base its decision on this point, it appears from the record that Defendant Cigna Insurance Company was improperly named as a defendant in this matter. The Complaint alleges that Defendant Cigna Insurance Company underwrote the insurance policy. (Compl. ¶ 7.)  However, this allegation conflicts with other documents listing the underwriter as Life Insurance Company of North America. (*See* Nastasi Decl. Ex. 3 at 1.)

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face[]' . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citations omitted).

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

### III.    DISCUSSION

In moving to dismiss Plaintiffs' Complaint, Defendant argues, *inter alia*, that Plaintiffs' claim for breach of the insurance policy is preempted by ERISA. (*See* Def.'s Br. Supp. Mot. D. ("Def.'s Br. Supp.") at 7-11.) In addition, Defendant argues that Plaintiffs failed to exhaust their administrative remedies under ERISA. (*Id.* at 11-13.) This Court addresses each of these arguments in turn.

#### A.    *Preemption Under ERISA*

Congress enacted ERISA to

> protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001. Because "the purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans . . . . ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"

3

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (first citing 29 U.S.C. § 1144; then citing *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).  Section 1144(a) provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987) (explaining "If a state law 'relate[s] to . . . employee benefit plan[s],' it is pre-empted.").  Under this provision, common law causes of action are preempted if they relate to (i.e., have "a connection with or reference to") an ERISA plan.  *Pilot Life Ins. Co.*, 481 U.S. at 47 (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)) (internal quotation marks omitted).  For example, in *Pilot Life Ins. v. Dedeaux*, the U.S. Supreme Court held that a plaintiff's common law causes of action for improper denial of long-term disability payments "undoubtedly [met] the criteria for pre-emption under" the "expansive sweep of the pre-emption clause." *Pilot Life Ins. Co.*, 481 U.S. at 47.

In this instance, it is undisputed that Mr. Alvarez's insurance policy is an employee benefit plan under ERISA.  Therefore, to decide whether ERISA preempts Plaintiffs' claim for breach of that policy, this Court must determine whether the claim "relates to" that ERISA plan, i.e., whether the claim is "predicated on the existence of such a plan."  *United Wire, Metal & Mach. Health & Welfare Fund v. Morristown Mem'l Hosp.*, 995 F.2d 1179, 1192 (3d Cir. 1993).

Plaintiffs' claim in this matter is that Defendant breached the terms of Mr. Alvarez's insurance policy by refusing to pay the policy's benefits to Plaintiff Martino after Mr. Alvarez's death. (*See* Compl. ¶ 12.)  Adjudicating Plaintiffs' claim would, therefore, require this Court to determine whether Defendant properly denied Plaintiff Martino's request for benefits under the terms of Mr. Alvarez's ERISA plan.  Thus, Plaintiffs' claim "relates to" the ERISA plan. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) (explaining that "the

4

decision whether a requested benefit . . . is covered by the ERISA plan falls within the scope of the administrative responsibilities of the . . . insurance company, and therefore 'relates to' the employee benefit plan."). Accordingly, ERISA preempts Plaintiffs' claim for breach of the insurance policy.

### B.  *Failure to Exhaust Administrative Remedies*

Defendant also argues that if the Complaint is construed as including a claim under ERISA, that claim should be dismissed because Plaintiffs failed to exhaust the administrative remedies provided under the insurance policy. (Def.'s Br. Supp. at 11-13.) Although "[a]n ERISA plan participant has the right to bring a civil action 'to recover benefits due to him under the terms of his plan . . .' . . . . [a] federal court will generally refuse to consider claims to enforce the terms of a benefit plan if the plaintiff has not first exhausted the remedies available under the plan*.*" *Bennett v. Prudential Ins. Co.*, 192 F. App'x 153, 155 (3d Cir. 2006) (citing *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990)). "The exhaustion requirement is waived, however, where resort to the plan remedies would be futile." *Bennett*, 192 F. App'x at 155 (citing *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990)).

In this instance, the May 24, 2012 notice to Plaintiff Martino that she had been denied payment under the insurance policy also notified her that she had sixty days to appeal the denial with CIGNA Group Insurance. (Nastasi Decl. Ex. 3 at 3.) Defendant denies that Plaintiffs ever made such an internal appeal. (Br. Supp. at 12.) The Complaint neither states that Plaintiff made an internal appeal, nor provides any basis upon which this Court could determine that filing an internal appeal would have been futile. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002). Of particular importance in considering the futility of such an internal appeal is the fact that Plaintiffs did not file the Complaint in the Superior Court until July 25, 2016, more

than four years after the date of the denial notice. *See id.* Accordingly, even if this Court were to construe Plaintiffs' Complaint as including a claim for benefits under ERISA, dismissal would be appropriate because Plaintiff failed to properly exhaust the administrative remedies available under the insurance policy.

## IV.　CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:　　　　Clerk
cc:　　　　　Leda D. Wettre, U.S.M.J.
　　　　　　Parties